DAVID E. NEMETH, JR. [SBN 185005]
dnemeth@rnglawfirm.com
ROGERS NEMETH GERMAIN PC
18201 Von Karman Avenue
Tenth Floor, Suite 1000
Irvine, California 92612
Telephone: 949.247.7970

JOHN BRIAN CASHMERE [SBN 177750]
bcashmere@williamsmullen.com
WILLIAMS MULLEN, P.C.
8300 Greensboro Drive, Suite 1100
McLean, VA 22109
Telephone: 703.760.5232
Facsimile: 703.748.0244

PATRICK R. HANES (*Pro Hac Vice*)
phanes@williamsmullen.com
ERICA B. ZHANG (*Pro Hac Vice*)
ezhang@williamsmullen.com
WILLIAMS MULLEN, P.C.
200 South 10th Street, 16th Floor
Richmond, VA 23219
Telephone: 804.420.6000
Facsimile: 804.420.6507

*Counsel for Plaintiff/Counterclaim Defendant,*
*Deutsch-Hollandische Tabakgesellschaft mbH & Co., KG*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

8:17-cv-00181-JCG

NOTICE OF MOTION AND MOTION TO STRIKE

| | |
|---|---|
| DEUTSCH-HOLLANDISCHE TABAKGESELLSCHAFT MBH & CO., KG, <br>     Plaintiff/Counterclaim Defendant, <br> v. <br> TRENDSETTAH USA, INC., <br>     Defendant/Counterclaim Plaintiff, <br> v. <br> TREND SETTAH, INC., <br>     Third Party Plaintiff. | CASE NO: 8:17-cv-00181-DOC-JDE <br> **NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' SECOND AND FIFTH AFFIRMATIVE DEFENSES** <br> Answer to Amended Complaint filed: May 1, 2017 <br> Judge: David O. Carter <br> Hearing Date: June 26, 2017 <br> Hearing Time: 8:30 am |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on June 26, 2017 at 8:30 am, or as soon thereafter as this matter may be heard, Plaintiff/Counterclaim Defendant Deutsch-Hollandische Tabakgesellschaft Mbh & Co., Kg. ("DHT") will move for the second and fifth affirmative defenses of the Answer to the Amended Complaint filed by Trendsettah USA, Inc. and Trend Settah, Inc. (collectively, "TSI") to be stricken.

This motion is made pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the grounds that TSI's second and fifth affirmative defenses fail to plead fraud with the requisite particularity under Rule 9(b) of the Federal Rules of Civil Procedure because TSI does not state with specificity the person who made the alleged fraudulent representation, the date(s) of such representation, or its content and because these defenses are insufficiently pled.

This motion is made following the conference of counsel pursuant to L.R. 7-3

1  which took place on May 15 and 16, 2017.

2       This motion is supported by the attached memorandum of points and
3  authorities.  DHT also serves and lodges along with this motion a proposed order
4  pursuant to L.R. 7-20.

5  DATED May 22, 2017          WILLIAMS MULLEN, P.C.

                             By: s/   Patrick R. Hanes
                             PATRICK R. HANES
                             phanes@williamsmullen.com
                             *Attorney for Plaintiff, Deutsche-Hollandische Tabakgesellschaft mbH & Co., KG*

**Table of Contents**

I. Introduction ........................................................................................................... 1

II. Statement of Facts ................................................................................................ 1

III. Procedural History................................................................................................ 2

IV. Standard of Review .............................................................................................. 4

V. Argument............................................................................................................... 5

    A. This motion is not barred by Rule 12(g)(2)'s prohibition on successive Rule 12 motions. ............................................................... 5

    B. TSI's second and fifth affirmative defenses fail to plead fraud with the requisite particularity. ............................................................. 7

    C. TSI's second and fifth affirmative defenses are legally insufficient because non-performance alone does not constitute fraudulent inducement. .......................................................................... 9

    D. DHT will suffer prejudice if TSI's second and fifth affirmative defenses are not stricken. ................................................................... 10

VI. Conclusion........................................................................................................... 12

# Table of Authorities

Federal Cases

*Abarca v. Franklin Cty. Water Dist.*, No. 1:07-CV-0388OWW DLB, 2009 WL 1393511, at *2 (E.D. Cal. May 18, 2009) .......................................................... 6

*Bly–McGee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001) ............................... 5

*Clinton v. Dir. of Corr.*, No. CV 06-5255DOCOP, 2009 WL 3838200, at *5 (C.D. Cal. Nov. 12, 2009) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993)) ............................................................................................................ 11

*Five Point Capital v. Generators Hawaii Corp.*, No. CV1308653MWFSSX, 2014 WL 12461047, at *3 (C.D. Cal. Nov. 26, 2014) ................................................ 9

*Flowers v. Wells Fargo Bank, N.A.*, No. C 11-1315 PJH, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011) ............................................................................. 5, 7, 8, 10

*Gibson Brands, Inc. v. John Hornby* Skewes & Co., No. CV 14-00609 DDP SSX, 2014 WL 4187979, at *6 (C.D. Cal. Aug. 22, 2014) ......................................... 4

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir. 2003) ........... 8

*In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547–49 (9th Cir.1994) ............................ 5

*Rosen v. Masterpiece Mktg. Grp., LLC*, No. CV1506629SJOASX, 2016 WL 7444693, at *6 (C.D. Cal. Mar. 1, 2016) ........................................................ 8

*Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 888 (N.D. Cal. 2015) ..................... 8

*Targus Grp. Int'l, Inc. v. CODi, Inc.*, No. SACV1500353CJCEX, 2015 WL 12696220, at *2 (C.D. Cal. Sept. 17, 2015) .................................................... 4

*Thornhill v. Aylor*, No. 3:15-CV-00024, 2016 WL 258645, at *2 (W.D. Va. Jan. 20, 2016) ........................................................................................................... 6

*Torso v. Ohio Nat. Life Ins. Co.*, No. CIV.A.03 2007 65, 2007 WL 1876521, at *1 (W.D. Pa. June 28, 2007) .......................................................................... 6

*TSX Toys, Inc. v. 665, Inc.*, No. EDCV1402400RGKDTBX, 2015 WL 12746211, at *7 (C.D. Cal. Sept. 23, 2015) ............................................................... 4, 5

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1109

(C.D. Cal. 2015).................................................................................................9, 10

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) .................. 4

### Federal Rules

Fed. R. Civ. P. 12(g)(2) ........................................................................................ 5, 6

Fed. R. Civ. P. 9(b)................................................................................................... 4

Fed. R. Civ. P. 12(f).................................................................................................. 4

## I. Introduction

TSI's second and fifth affirmative defenses are insufficient for many of the same reasons TSI's now-dismissed counterclaims for fraud were ruled to be insufficient. These defenses do not satisfy Rule 9(b) of the Federal Rules of Civil Procedure because TSI fails to allege with specificity the person who made the alleged fraudulent representation(s), the date(s) of such representation, or its content, and because non-performance alone does not constitute fraud. Moreover, TSI's allegations of unclean hands fails to provide any facts to afford DHT fair notice of the basis of this defense. Assuming that the unclean hands defense is grounded in TSI's allegations of fraud, it is insufficient for the same reasons.

## II. Statement of Facts

TSI, a California company, manufactures cigarillos, a cigar product that requires a wrapper that is made from tobacco leaf. Counctercl. ¶¶ 43, 45. DHT is a German company that manufactures tobacco leaf wrappers for cigars and cigarillos. *Id.* ¶ 49. In 2014, TSI traveled twice to Germany and met with DHT representatives. *Id.* ¶ 50. TSI does not allege the dates of either of these two meetings. During the first meeting, TSI alleges that the parties entered into a contract for the production of wrappers for TSI's cigarillo line. *Id.* ¶ 50. At one of the two meetings, TSI alleges that the parties agreed on the "precise characteristics" of the wrapper and that the product would be of "suitable thickness,

color, texture, and consistency." *Id.* ¶ 54.  However, TSI gives no information regarding the individual who allegedly communicated these "precise characteristics" on behalf of TSI nor the content of the alleged communication(s).

DHT shipped the first batch of wrappers to TSI's manufacturer and agent and the manufacturer incorporated the wrapper into TSI's cigarillos.  *Id.* ¶¶ 48, 53.  TSI alleges that the wrapper did not conform to the "sample that DHT had initially provided." *Id.* ¶ 54.  TSI references this sample allegedly provided by DHT in several of its allegations regarding nonconformity. *Id.* ¶¶ 54, 57, 69, 75.  But there are no allegations setting forth the "precise characteristics" of any sample or of the wrapper TSI alleges DHT agreed to produce, such as the specific thickness, color scale, or texture measurements.

In support if its unclean hands defense, TSI states that "some or all of DHT's claims are barred by the doctrine of unclean hands." Answer Am. Compl. ¶ 26. TSI's claim of fraudulent inducement alleges that "DHT fraudulently induced the orders alleged in the complaint through first providing a sample of the paper that conformed to the standards of merchantability and the intended purpose, but upon placement of the orders, non-conforming product was delivered." Answer Am. Compl. ¶ 39.

### III. Procedural History

On February 2, 2017, DHT filed its complaint against Trendsettah USA, Inc. alleging breach of contract.  (ECF No. 1.)  Trendsettah USA, Inc. filed its Answer,

and Trend Settah, Inc. joined the litigation as a third-party plaintiff in asserting claims related to the contract at issue, but also adding two counts of fraud: promissory fraud and negligent misrepresentation, based on DHT's purported failure to perform.  (ECF No. 8.)  DHT filed a Rule 12(b)(6) motion against Trendsettah USA, Inc. and Trend Settah, Inc. to dismiss the fraud counts.  (ECF No. 20.)  TSI chose not to oppose this motion, and this Court dismissed these counts with prejudice.  (EFC Nos. 24 and 25.)

   Because of the allegations in TSI's Counterclaim, DHT amended its complaint to add Trend Settah, Inc. as a party.  (ECF No. 26 and 27.)  Trendsettah USA, Inc. and Trend Settah, Inc. – now a defendant and counterclaim plaintiff – filed their collective answer to DHT's Amended Complaint on May 1, 2017.  (ECF No. 29.)  Despite the intervening dismissal of TSI's fraud counterclaims, TSI asserted two affirmative defenses based on fraud: (1) the doctrine of unclean hands, and (2) fraudulent inducement in its answer.  Answer to Am. Compl. ¶¶ 26, 39. While this was Trendsettah USA, Inc.'s second assertion of these fraud defenses, it was Trend Settah, Inc.'s first time filing any affirmative defenses in this action. During the meet and confer conference to discuss this motion to strike, TSI's counsel suggested that Federal Rule of Civil Procedure 12(g)(2) – the prohibition against successive Rule 12 motions – may bar this motion.

### IV. Standard of Review

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court, upon motion or on its own, "may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation and quotation marks omitted).

In actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This heightened pleading standard applies to affirmative defenses. *Gibson Brands, Inc. v. John Hornby Skewes & Co.*, No. CV 14-00609 DDP SSX, 2014 WL 4187979, at *6 (C.D. Cal. Aug. 22, 2014); *see also Targus Grp. Int'l, Inc. v. CODi, Inc.*, No. SACV1500353CJCEX, 2015 WL 12696220, at *2 (C.D. Cal. Sept. 17, 2015) (stating that fraud-based defenses must be pled with particularity); *TSX Toys, Inc. v. 665, Inc.*, No. EDCV1402400RGKDTBX, 2015 WL 12746211, at *7 (C.D. Cal. Sept. 23, 2015) ("Where fraud or mistake is the basis for an affirmative defense, the circumstances of the fraud or mistake must be pleaded with particularity.") (citations and internal quotation marks omitted). "This heightened pleading requirements applies to the defense of unclean hands if the allegation of unclean hands involve the

elements of fraud." *TSX Toys, Inc. v. 665, Inc.*, No. EDCV1402400RGKDTBX, 2015 WL 12746211, at *7 (C.D. Cal. Sept. 23, 2015).

Under Rule 9(b), the fraud claim must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547–49 (9th Cir. 1994). Put another way, fraud allegations must be specific enough to give defendants notice of the particular misconduct that is alleged to constitute the fraud so that they can defend against the claim. *Bly–McGee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001). For corporate defendants, a plaintiff must allege "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Flowers v. Wells Fargo Bank, N.A.*, No. C 11-1315 PJH, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011).

V.   **Argument**

   A.   **This motion is not barred by Rule 12(g)(2)'s prohibition on successive Rule 12 motions.**

TSI's assertion that this motion may be barred by the prohibition on successive Rule 12 motions is without merit. The relevant rule states that:

> a party that makes a motion under this rule must not make another motion under this rule raising a defense or

> objection that was available to the party but omitted from its earlier motion.

Fed. R. Civ. P. 12(g)(2).

Courts have observed that it is not clear that Rule 12(g)'s bar against successive motions should even apply to a Rule 12(f) motion to strike. *See*, *e.g.*, *Abarca v. Franklin Cty. Water Dist.*, No. 1:07-CV-0388OWW DLB, 2009 WL 1393511, at *2 (E.D. Cal. May 18, 2009) (acknowledging and citing authorities to the contrary, but deciding that "because the Rules do not clearly bar consideration of this motion, it will be considered"). This is in recognition of the fact that a court may act under Rule 12(f) on its own to strike from a pleading an insufficient defense, even in the absence of a timely motion. *See Abarca,* 2009 WL 1393511, at *2; *see also Thornhill v. Aylor*, No. 3:15-CV-00024, 2016 WL 258645, at *2 (W.D. Va. Jan. 20, 2016); *Torso v. Ohio Nat. Life Ins. Co.*, No. CIV.A.03 2007 65, 2007 WL 1876521, at *1 (W.D. Pa. June 28, 2007).

While it is true that the fraud-based defenses that are the subject of this motion were asserted in Trendsettah USA, Inc's answer to DHT's original Complaint, Trendsettah USA, Inc. has now reasserted these defenses its response to the Amended Complaint after the Court has dismissed its fraud-based counterclaims based on the same asserted factual basis.[1] Striking these defenses now is, therefore,

---

[1] Trend Settah, Inc., on the other hand, has asserted these defenses for the first time in its answer to the Amended Complaint. Thus, this motion is not even arguably "successive" as to Trend Settah, Inc., because it had never asserted these defenses until the filing of the Amended Answer.

consistent with the purpose of Rule 12(f) to dispense with insufficiencies in the pleadings and to streamline litigation.

### B. TSI's second and fifth affirmative defenses fail to plead fraud with the requisite particularity.

TSI's affirmative defenses fail to plead fraud with the requisite particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. TSI alleges only that DHT induced the orders through "first providing a 'sample' of the paper that conformed to the standards of merchantability and the intended purpose" but "non-conforming product was delivered." Answer Am. Compl. ¶ 39. TSI does not state with specificity the time, date, and content of the alleged fraudulent representation, how or why the representation was false or misleading, or the identity of the person engaged in the fraud. Because DHT is a corporate plaintiff, TSI must also allege the corporate defendants who made the fraudulent statement, they must name the agent of the corporation who made the alleged fraudulent representation the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Flowers*, 2011 WL 2748650, at *6. On its face, this affirmative defense fails to meet the requirements of Rule 9(b).

Even if the Court considers the allegations set forth in TSI's counterclaims, TSI still has not met its burden under Rule 9(b) for these affirmative defenses. TSI alleges that "in 2014" three DHT executives represented to TSI that DHT would

produce paper with certain characteristics. Counterl. ¶¶ 50-51, 69. Such a broad time frame does not satisfy the requirements of Rule 9(b). *Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 888 (N.D. Cal. 2015) (finding "in 2011 and 2012" and "in approximately 2008" to be insufficient because the plaintiffs failed to identify "the specific dates or even the months in which the alleged conversations occurred").

TSI likewise fails to plead with particularity the content of the allegedly fraudulent statement. Generalized, vague, and unspecific assertions do not state an actionable fraud claim. *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir. 2003). For example, TSI refers to a product sample as a repeated reference point, alleging DHT represented that it would produce a product "that was similar to the suitable sample …." Counterl. ¶ 69, 75. This is presumably the same sample referred to in TSI's affirmative defense. Answer Am. Compl. ¶ 39. TSI fails to plead any specifics regarding what was meant by "similarity" to a "suitable sample" or to what specifications the "suitable sample" was produced. *Id.* ¶ 69. TSI also fails to explain why this statement was false when it was made or how providing a sample was a fraudulent misrepresentation at all.

To the extent TSI's second affirmative defense of unclean hands is not grounded in its allegations of fraud, the defense fails to provide DHT with fair notice. An affirmative defense must be supported by at least some facts indicating the grounds on which the defense is based. *Rosen v. Masterpiece Mktg. Grp., LLC*, No. CV1506629SJOASX, 2016 WL 7444693, at *6 (C.D. Cal. Mar. 1, 2016). TSI's

unclean hands affirmative defense is a legal conclusion without factual support and is therefore insufficient.

### C. TSI's second and fifth affirmative defenses are legally insufficient because non-performance alone does not constitute fraudulent inducement.

TSI's fraud-based affirmative defenses are insufficient because alleged non-performance of a contract, without more, does not constitute fraud. These defenses are indistinguishable from TSI's now-dismissed claim for promissory fraud and are insufficient for the same reasons. The elements of fraudulent inducement are: (1) a misrepresentation, (2) knowledge of its falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damage. *Five Point Capital v. Generators Hawaii Corp.*, No. CV1308653MWFSSX, 2014 WL 12461047, at *3 (C.D. Cal. Nov. 26, 2014). "Nonperformance alone will not support a finding of promissory fraud." *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.,* 117 F. Supp. 3d 1092, 1109 (C.D. Cal. 2015) (citations omitted). TSI's fraudulent inducement defense only alleges non-performance. This not sufficient to state an affirmative defense of fraud (or unclean hands to the extent it relies on the same facts).

Even if the Court amplifies TSI's affirmative defenses by considering the factual allegations in TSI's counterclaim, these defenses remain legally insufficient. TSI does not allege any facts to support its claim that DHT's alleged promise related to the sample at issue was false when it was made. As TSI alleges, the purported misrepresentation at issue is that the parties agreed that DHT would manufacture a

product with certain characteristics. Countercl. ¶ 69. TSI then alleges that "[a]t the time [DHT] made those representations, however, they did not intend to actually produce paper with the agreed characteristics." *Id.* ¶ 71. TSI provides two allegations in support of this claim: (1) DHT did not intend to produce the wrapper as agreed because it was cheaper not to, and (2) the delivered product did not conform. *Id.* ¶¶ 71, 72.

General allegations of an intent not to perform demonstrated by an alleged failure to perform are not enough to support a claim for fraud. *UMG Recordings*, 117 F. Supp. 3d at 1190 (citations omitted). Where an allegedly inferior product is at issue in a contract for the sale goods, simply alleging that a seller intended to cut corners is the same as alleging generally that a seller never intended to perform. *See Flowers*, 2011 WL 2748650, at *6 (general allegations that the defendants intended not to perform an alleged promise because it was "not in their best financial interest to so" and it was "easier and more profitable" not to perform were too vague to put the defendants on notice of the alleged fraudulent promise so that they could defend against the claim). Allegations of this nature impermissibly conflate a failure to perform with an intent not to perform and cannot suffice to sustain a claim of fraud.

D.   **DHT will suffer prejudice if TSI's second and fifth affirmative defenses are not stricken.**

DHT will suffer prejudice if TSI's fraud-based affirmative defenses are not stricken because the presence of these defenses will generate confusion, expense,

and delay in this straightforward breach of contract action. The Ninth Circuit has stated that prejudice can arise from allegations that cause delay or confusion of the issues. *Clinton v. Dir. of Corr.*, No. CV 06-5255DOCOP, 2009 WL 3838200, at *5 (C.D. Cal. Nov. 12, 2009) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (district court could properly strike lengthy, stale and previously litigated factual allegations in order to streamline action), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)). These factual allegations have already been litigated, and TSI did not oppose DHT's contention that both entities had failed to state a claim for fraud. TSI should not now be permitted to bring these insufficient allegations of fraud through the back door as affirmative defenses when it has already been denied entry through the front.

     As DHT asserted in its motion to dismiss, TSI has failed to allege sufficient facts to support any tort claims in this ordinary breach of contract action. Throughout its counterclaim and affirmative defenses, TSI's factual allegations wholly relate to contract formation and performance. Based on TSI's own allegations, claims of fraud have no place in this litigation. These unsupported fraud defenses will confuse the issues and unnecessarily broaden discovery. Dispensing with these affirmative defenses prior to trial will avoid the expenditure of time and money that would necessarily be required to refute these spurious claims of fraud resulting in an appropriately focused and more streamlined action.

## VI. Conclusion

For these reasons, DHT respectfully requests that this Court dismiss Trendsettah USA, Inc. and Trend Settah, Inc.'s second and fifth affirmative defenses and any other relief that this Court deems just and proper.

Dated: May 22, 2017

WILLIAMS MULLEN, P.C.

By: s/ Patrick R. Hanes
PATRICK R. HANES (*Pro Hac Vice*)
phanes@williamsmullen.com

ERICA B. ZHANG (*Pro Hac Vice*)
ezhang@williamsmullen.com

JOHN BRIAN CASHMERE
bcashmere@williamsmullen.com

ROGERS NEMETH GERMAIN PC

DAVID E. NEMETH, JR. [SBN 185005]
dnemeth@rnglawfirm.com

*Counsel for Plaintiff, Deutsch-Hollandische Tabakgesellschaft mbH & Co., KG*

## Certificate of Service

I hereby certify that a copy of the foregoing was served via the ECF system for the United States District Court for the Central District of California, on May 22, 2017, which will send an electronic notice to:

>Mark Poe, Esq.
>mpoe@gawpoe.com
>Randolph Gaw, Esq.
>rgaw@gawpoe.com
>Samuel Song, Esq.
>ssong@gawpoe.com
>Victor Meng, Esq.
>vmeng@gawpoe.com
>GAW POE, LLP
>4 Embarcadero Center, Suite 1400
>San Francisco, CA 94111
>*Attorneys for Defendant/Counterclaimant Trendsettah USA, Inc. and Third Party Plaintiff Trend Settah, Inc.*

DATED: May 22, 2017                                  WILLIAMS MULLEN, P.C.

By: s/ Patrick R. Hanes
PATRICK R. HANES (*Pro Hac Vice*)
phanes@williamsmullen.com
*Attorney for Plaintiff, Deutsche-Hollandische Tabakgesellschaft mbH & Co., KG*